```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

MICHAEL REILLY,

                Plaintiff,

vs.                              Case No. 2:05-cv-304-FtM-29SPC

BRIAN BOYLE, P.A.,

                Defendant.
_____

**ORDER**

This matter comes before the Court upon initial review of the file. Plaintiff, currently confined in the Lee County Jail proceeding *pro se,* filed a handwritten one-page "Civil Suit" (Doc. #1) and Motion to Proceed In Forma Pauperis (Doc. #2) on June 29, 2005. Plaintiff names as Defendant Brian Boyle, who Plaintiff identifies as Plaintiff's "unsolicited appointed [criminal defense] attorney." Plaintiff alleges that Defendant Boyle committed "professional misconduct" and "culpable negligence" by failing to file a motion to withdraw as counsel from Plaintiff's criminal case. Additionally, the Complaint identifies a litany of other improprieties purportedly committed by Defendant that Plaintiff claims caused Plaintiff's "conviction and imprisonment." Plaintiff seeks as relief the removal of Defendant Boyle as counsel and $100,000 in monetary damages.

                              I.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Court is required to review Plaintiff's *pro*

*se* Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings.  See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)

II.

Plaintiff's claim is fatally flawed because the Complaint fails to meet the requirements of a Section 1983 action because Defendant Boyle not a "person" "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against the Defendant Boyle under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing sHishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

-3-

Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of July, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record