UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

        Plaintiff,

vs.  Case No. 2:05-cv-304-FtM-29SPC

BRIAN BOYLE, P.A.,

        Defendant.
_____

**ORDER**

    This matter comes before the Court upon Plaintiff's Motion for Rehearing and Objection (Doc. #8) filed July 27, 2005. Plaintiff, an inmate currently incarcerated in the Lee County Jail, proceeding *pro se*, objects to the Court's Order dated July 13 2004 dismissing Plaintiff's Complaint for failure to state a claim (Doc. #6). The Court will review Plaintiff's Objection as a Motion under Rule 59 of the Federal Rules of Civil Procedure, since, applying the mailbox rule, it was timely filed within ten days of the Court's Order of Dismissal.

    Rule 59(e), Fed. R. Civ. P., affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey V. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238

F.Supp.2d 1325 (S.D. Fla. 2002); Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999). Plaintiff claims that the Court committed "clear error" by construing Plaintiff's "civil suit" as a civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff maintains that his action for "professional misconduct" and "culpable negligence" against his court-appointed defense counsel is brought pursuant to 18 U.S.C. §13, and was not intended as a civil rights action. Consequently, as an alleged "federal informant," Plaintiff suggests that this Court has jurisdiction for his state law civil action.

The purpose of Title 18 U.S.C. §13, known as the Assimilative Crimes Act, is to provide a method of punishing crimes committed on government lands in the way and to the extent that such acts would have been punished if committed within the surrounding state jurisdiction. U.S. v. Pate, 321 F.3d 1373 (11th Cir. 2003). Contrary to Plaintiff's suggestion, The Assimilative Crimes Act does not give rise to a private cause of action, nor does it vest this Court with subject matter jurisdiction for Plaintiff's state law tort claims. Rather, with respect to civil actions, this Court has subject matter jurisdiction only over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331; Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285 (11th Cir. 2004). Consequently, the Court did not commit "clear error" in dismissing Plaintiff's complaint.

ACCORDINGLY, it is now

**ORDERED:**

1. Plaintiff's Motion for Rehearing and Objection (Doc. #8) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __9th__ day of August, 2005.

_John E. Steele_
JOHN E. STEELE
United States District Judge


SA:   hmk

Copies: All Parties of Record